UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENON KITT,<br><br>            Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | CIVIL ACTION NO. 3:15-CV-01115<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

**REPORT AND RECOMMENDATION**

Plaintiff Denon Kitt, proceeding *pro se*, is a federal inmate currently incarcerated at USP-Canaan in Wayne County, Pennsylvania. On June 8, 2015, Kitt initiated this action by filing a complaint against the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346. (Doc. 1). Kitt's complaint stems from events that occurred in October of 2013, when Kitt was exposed to another inmate at USP-Canaan (the "Carrier") with active tuberculosis ("TB"). (Doc. 1, at 2-3). Kitt subsequently tested positive for latent TB, and brought this FTCA claim alleging that the Federal Bureau of Prisons ("BOP") failed to take reasonable precautions that would have prevented Kitt from being exposed to TB. (Doc. 1, at 5).

Now pending before the Court are Defendant's motion to dismiss filed on June 27, 2016 (Doc. 23), and motion for summary judgment filed the following day (Doc. 24). On August 10, 2016, Defendant filed a brief in support of the motions (Doc. 30), along with a statement of material facts (Doc. 30) and supporting exhibits (Doc. 31-1). Kitt filed a brief in opposition on September 12, 2016 (Doc. 34), but failed to file a separate statement of material facts controverting the statement filed by Defendant. Accordingly, Defendant's

statement of material facts will be deemed admitted pursuant to Local Rule 56.1. Defendant filed a reply brief on September 29, 2016 (Doc. 35). Having been fully briefed, these motions are now ripe for disposition.

I. **BACKGROUND**

In his complaint, Kitt alleges that his housing unit at USP-Canaan was placed on lockdown in October of 2013 after prison staff discovered that an inmate, later determined to be the Carrier, was carrying an active strain of infectious TB. (Doc. 1, at 3). USP-Canaan's health services department conducted an emergency purified protein derivative ("PPD") tuberculin skin test on all inmates that were potentially exposed to the Carrier. (Doc. 1, at 3). On October 25, 2013, Kitt became one of several inmates to test positive for latent TB.[1] (Doc. 1, at 3, 12). He had never previously tested positive for any form of TB, despite having been administered the PPD test—along with all other federal inmates—by the BOP on an annual basis while incarcerated, pursuant to BOP policy. (Doc. 1, at 5; Doc. 31, ¶¶ 1-2). Kitt alleges that the BOP was negligent in placing the Carrier into USP-Canaan's general population while he was infected with an active strain of TB, and infers that the BOP either disregarded its own policy by failing to test the Carrier before placing him into general population or admitted the Carrier into general population despite knowing that he carried an active strain of infectious TB. (Doc. 1, at 5-7).

In addition to the BOP's alleged negligence in connection with Kitt's initial exposure to TB, Kitt also alleges that the BOP provided inadequate treatment and care after the

---

[1] Defendant states that the October 25, 2013 PPD test was actually the second screening administered to Kitt after the outbreak. Kitt allegedly tested negative on the first PPD test, administered on October 8, 2013. (Doc. 31, ¶¶ 5-7).

exposure occurred. (Doc. 1, at 5, 7 (complaining of BOP "[o]fficials['] negligence and/or deliberate refusal to treat Plaintiff (medically) for . . . TB")). However, Defendant states—and Kitt does not dispute—that after testing positive for latent TB, Kitt was advised of his treatment options and elected to undergo a course of 76 treatments of the antibiotic Isoniazid between March of 2014 and April of 2015. (Doc. 31, ¶¶ 9-10; Doc. 31-1, at 15-26). Defendant further claims that Kitt remains asymptomatic for TB and that there is no evidence to suspect the onset of active TB, but Kitt nonetheless alleges that he suffers from "serious[ ] health deterioration" and currently is not receiving any form of medical treatment. (Doc. 1, at 2; Doc. 31, ¶ 11).

Kitt also alleges that he has complied with all procedural requirements for asserting an FTCA claim in federal court. *See Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015) ("No claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." (citing 28 U.S.C. § 2675(a))). First, on June 30, 2014, Kitt filed an administrative tort claim with the BOP's Northeast Regional Office. (Doc. 1, at 3, 11). After the Regional Office denied Kitt's claim on December 29, 2014, he sought reconsideration, which was also denied. (Doc. 1, at 3, 12-13). Although Defendant does not challenge Kitt's compliance with 28 U.S.C. § 2675(a), Defendant asserts that Kitt is in violation of a different procedural requirement, Pennsylvania Rule of Civil Procedure 1042.3(a), which requires a plaintiff to obtain a certificate of merit ("COM") within 60 days of filing a complaint that asserts a professional negligence claim. (Doc. 30, at 4-8). To that end, Defendant served Kitt with a letter notifying him of the COM requirement on March 24, 2016. (Doc. 14); *see also* Pa. R. Civ. P. 1042.6(a) (establishing that a defendant must provide notice prior to filing a dispositive

3

motion seeking dismissal of a claim for plaintiff's failure to obtain a COM). Kitt still has yet to file a COM, and after briefly attempting to obtain one, now argues that a COM is unnecessary because his claim sounds in ordinary negligence rather than medical malpractice. (Doc. 20; Doc. 34, at 2-3).

## II.  LEGAL STANDARDS

### A.  RULE 12(b)(6) MOTION TO DISMISS STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although a court must accept the fact allegations in a complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Additionally, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court of the United States held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action,

supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

Additionally, this Court is guided by the Supreme Court's instruction that a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

B. RULE 56 SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. In deciding a summary judgment motion, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). The Court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). In deciding a motion for summary judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

### III. DISCUSSION

#### A. DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT TO THE EXTENT THAT KITT RAISES A MEDICAL MALPRACTICE CLAIM

As noted above, Defendant argues that any professional negligence claim must fail because Kitt has not obtained and filed a COM. (Doc. 30, at 4-8). Pennsylvania Rule of Civil Procedure 1042.3(a) requires any plaintiff asserting a professional negligence claim under Pennsylvania law to obtain and file a COM within 60 days of initiating the action. "In assessing a claim under the FTCA, [federal courts] apply the law of the state in which the act or omission occurred." *Hodge v. U.S. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (not precedential) (citing *Gould Elecs. Inc. v. United States,* 220 F.3d 169, 179 (3d Cir. 2000)). Thus, because the acts giving rise to Kitt's complaint occurred in Pennsylvania, Kitt must comply with Pennsylvania Rule of Civil Procedure 1042.3(a) to the extent that he seeks to assert a professional negligence claim of medical malpractice. *See Liggon-Redding v. Estate of Sugarman,* 659 F.3d 258, 265 (3d Cir. 2011) ("Pennsylvania Rule 1042.3, mandating

6

a certificate of merit in professional negligence claims, is substantive law under the *Erie* Rule and must be applied as such by federal courts."). Furthermore, Defendants correctly note that the United States Court of Appeals for the Third Circuit has held that in federal court, a motion for summary judgment is the proper vehicle for a defendant to seek dismissal of a claim for noncompliance with the COM requirement. (Doc. 30, at 6 (citing *Schmigel v. Uchal*, 800 F.3d 113, 122 (3d Cir. 2015)).

In his oppositional brief, Kitt argues that summary judgment is inappropriate because his FTCA claim sounds more in ordinary negligence than medical malpractice and therefore he was never required to obtain a COM in the first place. (Doc. 34, at 2-5). Specifically, Kitt alleges that the negligent acts he complains of were not necessarily committed by prison medical providers, were "not an integral part of rendering medical treatment," and occurred before he began receiving treatment for TB. (Doc. 34, at 5). Nonetheless, Kitt's complaint contains multiple references to allegedly inadequate medical treatment he received *after* his exposure to TB, including an allegation that Kitt was denied medical treatment. (Doc. 1, at 2, 7). Moreover, as noted by Defendant, Kitt's complaint in the case at bar is virtually identical to the complaint in *Medley v. United States*, in which another inmate at USP-Canaan brought suit under the FTCA after a positive PPD test following the same TB exposure by the Carrier. (Doc. 30, at 6 (citing *Medley v. United States,* No. 1:15-CV-1261, 2016 WL 3913575 (M.D. Pa. Apr. 6, 2016), *report and recommendation adopted,* No. 1:15-CV-01261, 2016 WL 3908400 (M.D. Pa. July 19, 2016))). In considering a motion to dismiss, or in the alternative for summary judgment, asserting the same Rule 1042.3 defense that Defendant now raises, the Court found that "the complaint in part alleges administrative negligence in the screening and placement of inmates with infectious

diseases" but the complaint could also be construed as raising a claim of medical malpractice. *Medley*, 2016 WL 3913575, at *7. The Court then concluded that any medical malpractice claim should be dismissed for failure to file a COM, but that the administrative negligence claim that did not center on the rendering of medical treatment sounded in ordinary negligence and therefore did not require a COM. *Medley*, 2016 WL 3913575, at *7. Given the Court's obligation to construe *pro se* filings liberally, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and in consideration of the sound reasoning provided in a virtually identical case, this Court construes Kitt's complaint as raising two separate claims of general negligence and medical malpractice. Thus, to the extent that the complaint may be construed as raising a claim of medical malpractice, it is respectfully recommended that Defendant's motion for summary judgment (Doc. 24) be granted due to Kitt's failure to obtain and file a COM.[2] However, because a COM is not required for Kitt's claim of ordinary negligence, it is recommended that this claim be allowed to proceed on the merits.

    B. <u>KITT'S ORDINARY NEGLIGENCE CLAIM SHOULD BE ALLOWED TO PROCEED</u>

Defendant argues that it is entitled to summary judgment because Kitt has not produced evidence to support a finding that the BOP breached any duty owed to him. (Doc. 30, at 8, 10). As noted above, this Court must apply Pennsylvania substantive law in

---

[2] Although this Court recommends granting Defendant's motion for summary judgment with respect to any potential medical malpractice claim, it is further recommended that judgment be entered without prejudice to Kitt's ability to raise the medical malpractice claim in another suit after complying with Rule 1042.3. *See Medley*, 2016 WL 3913575, at *5 ("[W]hile the plaintiff's failure to comply with Rule 1042.3 requires dismissal of any malpractice claim, we note that the sanction imposed under state law for a violation of this rule, entry of a *non pros* by the prothonotary, has no precise analogue in the federal system.").

8

assessing Kitt's ordinary negligence claim under the FTCA. *See Gould Elecs. Inc. v. United States,* 220 F.3d 169, 179 (3d Cir. 2000). Pennsylvania law requires four elements to be satisfied in order to establish liability in tort for negligence: "(1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff." *Farabaugh v. Pa. Tpk. Comm'n,* 911 A.2d 1264, 1272-73 (Pa. 2006).

Defendant asserts that the BOP's response to the tuberculosis exposure and the medical treatment it provided Kitt thereafter were both inherently reasonable. (Doc. 30, at 8-10). Kitt, on the other hand, argues that Defendant misconstrues his complaint by focusing entirely on Kitt's screening and treatment *after* the exposure occurred, while ignoring Kitt's main argument that the Carrier should never have been admitted into USP-Canaan's general population in the first place. (Doc. 34, at 4-5). Indeed, Defendant's statement of material facts and supporting exhibits provide no explanation as to why the BOP chose to admit the Carrier into general population or whether the Carrier was screened for TB before being admitted. (Doc. 31; Doc. 31-1). Thus, even with the benefit of an uncontroverted statement of material facts, Defendant fails to carry its burden under Federal Rule of Civil Procedure 56(a) of identifying evidence that demonstrates the absence of a genuine issue of material fact because Defendant's proffered evidence does not relate to Kitt's ordinary negligence claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) ("[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."

(quotation omitted)). Accordingly, the Court recommends that Defendant's motion for summary judgment be denied with respect to Kitt's ordinary negligence claim.[3] However, the Court further recommends that the parties be granted an additional opportunity to file dispositive motions with respect to this matter, given the lack of evidence presented as to whether the BOP breached its duty to Kitt by housing the Carrier in USP-Canaan's general population. This recommendation to allow for further dispositive motions is consistent with the Court's opinion in *Medley*. No. 1:15-CV-01261, 2016 WL 3908400, at *7 & n.5 (M.D. Pa. July 19, 2016) (deferring ruling on summary judgment motion concerning whether BOP breached a duty by placing the Carrier into general population in light of the lack of evidence presented, and giving the parties an opportunity to conduct further discovery).

IV. **RECOMMENDATION**

Based on the foregoing, it is recommended that:

1. Defendant's motions to dismiss (Doc. 23) and for summary judgment (Doc. 24) be **GRANTED** in part and **DENIED** in part;

2. Defendant's motion for summary judgment be **GRANTED** to the extent that Kitt asserts a medical malpractice claim, on the grounds that Kitt has not complied with Pennsylvania Rule of Civil Procedure 1042.3(a);

3. Defendant's motions to dismiss and for summary judgment be **DENIED** with respect to Kitt's claim of general negligence; and

---

[3] In addition to the argument that it did not breach its duty to Kitt, Defendant also asserts for the first time in its reply brief that Kitt requires expert testimony to establish his claim of ordinary negligence. (Doc. 35, at 5-9). Because Defendant did not assert this argument in the initial brief in support of summary judgment, it is deemed waived. *See Pell v. E.I. DuPont de Nemours & Co. Inc.*, 539 F.3d 292, 309 n.8 (3d Cir. 2008) (holding that argument raised for the first time in reply brief is waived); *Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("An issue is waived unless a party raises it in its opening brief . . . ."). Moreover, in assessing this same argument under the exact same factual circumstances in *Medley*, the Court found that "expert testimony is not necessary." 2016 WL 3908400, at *7 (M.D. Pa. July 19, 2016).

4. The matter be remanded to the undersigned for further proceedings.

**BY THE COURT:**

**Dated: December 22, 2016**                     *s/ Karoline Mehalchick*
                                                                        **KAROLINE MEHALCHICK**
                                                                        **United States Magistrate Judge**

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENON KITT,<br><br>  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | CIVIL ACTION NO. 3:15-CV-01115<br><br>(MARIANI, J.)<br>(MEHALCHICK, M.J.) |

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **December 22, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: December 22, 2016                                                        *s/ Karoline Mehalchick*
                                                                                              **KAROLINE MEHALCHICK**
                                                                                              **United States Magistrate Judge**